UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re:<br><br>Carroll Veltmann, C. Veltmann,<br><br>        Debtors,<br><br>C. Veltmann,<br><br>        Appellant,<br><br>vs.<br><br>W. Clarkson McDow, Jr., United States Trustee, Region Four,<br><br>        Appellee. | C/A No. 3:06-803-MBS-JRM<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

  Appellant, C. (Carl) Veltman, filed his pro se appeal of an order of the Honorable John Waites, United States Bankruptcy Judge, dismissing the joint Chapter 11 bankruptcy case of Appellant and Carroll Veltman.[1] On March 15, 2006, Appellee, W. Clarkson McDow, Jr., United States Trustee, Region Four, moved to dismiss the appeal as being untimely filed. Because Appellant is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued advising him of his responsibility to respond to the motion to dismiss. When Appellant failed to respond to the motion to dismiss within the time allowed, a second order was issued requiring Appellant to advise the Court if he wished to continue his appeal. Appellant did not respond to the order.

  Appellant's bankruptcy case was dismissed by the Bankruptcy Court by order entered

---

[1] This case was automatically referred to the undersigned pursuant to Local Rule 73.02(b)(2)(e).

October 31, 2005.  Pursuant to Fed. R. Bankr. P. 8002, Appellant had ten days (until November 10, 2005) to file his notice of appeal.  He did not file it until November 21, 2005.  Pursuant to Fed. R. Bankr. P. 8002 and 28 U.S.C. § 158(c)(2), this Court lacks subject matter jurisdiction.  Therefore, it is recommended that Appellee's motion to dismiss be granted and the appeal dismissed.

                                      Respectfully submitted,

                                      s/Joseph R. McCrorey
                                      United States Magistrate Judge

June 8, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

<u>Notice of Right to File Objections to Magistrate Judge's Report and Recommendation</u>
<u>&</u>
<u>The Serious Consequences of a Failure to Do So</u>

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991). See also <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See <u>Wright</u>, <u>supra</u>,; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

3